56 N.J. Super. 150 (1959)
152 A.2d 153
CARDINALE TRUCKING CORP., A CORPORATION, PLAINTIFF-RESPONDENT,
v.
MOTOR-RAIL CO., A CORPORATION AND DANIEL W. DURKIN, ETC. DEFENDANTS-APPELLANTS, AND WHITE'S EXPRESS & TRANSFER CO., INC,. ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1959.
Decided June 5, 1959.
*151 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Herman B.J. Weckstein argued the cause for appellants.
Mr. Vincent A. Vitello argued the cause for respondent (Mr. Samuel Dreskin, attorney).
*152 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendants Motor-Rail Co. and Daniel W. Durkin, its president and stockholder, appeal from an order of the Superior Court, Chancery Division, restoring to the trial calendar an action previously instituted by plaintiff Cardinale Trucking Corp. which that court had dismissed. The order was entered March 6, 1959. Defendants filed their notice of appeal March 13, 1959 without first moving for leave to appeal under R.R. 2:2-3(a).
Although the question of the final or interlocutory character of the order was not raised by either side, we noted the matter on our own motion and requested supplementary briefs and oral argument on the point. Since we consider the order under appeal interlocutory, the appeal must be dismissed.
We cannot extend the time for leave to appeal under the relaxation provisions of R.R. 1:27B because no motion was made within 30 days after the expiration of the ten days from the date of the order complained of, nor has any such motion ever been made. In re Old Colony Coal Co., 49 N.J. Super. 117, 123 et seq. (App. Div. 1958). But even had such an application been made, we would have denied it. Although R.R. 2:2-3(a) grants us comprehensive power to permit, in our discretion, an appeal from any interlocutory order or judgment, or from an interlocutory decision or action of any state administrative agency, when the grounds of appeal are substantial, the power is sparingly exercised. We grant leave under the rule only "in the exceptional case where, on a balance of interests, justice suggests the need for a review in advance of final judgment." Appeal of Pennsylvania R.R. Co., 20 N.J. 398, 409 (1956); Romano v. Maglio, 41 N.J. Super. 561 (App. Div. 1956).
Defendants suggest that the Chancery Division was without jurisdiction to restore the case to the active list after previously having entered a final judgment of dismissal, and therefore its order was final and appealable, and *153 the appeal was prosecuted within time. The argument is without merit, for the matter clearly rested in discretion. The same trial judge was involved and he was completely justified in restoring the case to the calendar in the circumstances hereinafter set forth.
Plaintiff is a common carrier by motor vehicle, and defendant a freight forwarder. On May 8, 1952 they executed a contract calling for plaintiff to do certain interstate shipping for defendant. This contract was filed with the Interstate Commerce Commission, in accordance with the requirements of the Interstate Commerce Act. Written agreements supplementing or modifying the 1952 contract were entered into by the parties on June 23, 1953 and July 9, 1954, but defendant failed to file them with the Commission.
On May 27, 1955 plaintiff instituted an action against defendants and others in the Chancery Division, based on the 1953 and 1954 agreements and making reference to the filing of the basic 1952 contract. Plaintiff sought to recover damages for services rendered under the contracts, as well as on an account stated; injunctive relief, and certain other relief against other parties with whom defendant Motor-Rail Co. had done business. Defendants moved for and obtained a stay of the proceedings pending determination by the Interstate Commerce Commission of the validity of the agreements. The Commission held the 1953 and 1954 contracts illegal, but expressly refused to rule on the substantive rights of the parties thereunder, holding that such matters were beyond its jurisdiction and for the courts.
The case was then restored to the Chancery Division calendar and defendants moved to dismiss. There was no stenographic transcript of the argument on the motion. However, the briefs indicate that a judgment of dismissal in the nature of a consent judgment was entered. The judgment, dated June 4, 1958, declared that action was dismissed without prejudice to the filing of any action in the Law Division by plaintiff against defendant Motor-Rail Co. for sums allegedly due upon the May 8, 1952 contract. *154 Defendants' attorney was to accept service if the action were brought within 60 days. The judgment further ordered that "pursuant to the stipulation made in open court by the attorney for the defendant Motor-Rail Co., the said defendant shall not be permitted to set up as a defense to the contract dated May 8, 1952 the Statute of Limitations."
Plaintiff then instituted a Law Division action against Motor-Rail Co. in four counts to recover $14,658.43 for services rendered (1) under the 1952 contract; (2) on a book account; (3) on an account stated; (4) on quantum meruit. Defendant answered, and by way of third separate defense alleged that the Interstate Commerce Act "constitutes a bar to the maintenance of this action by plaintiff, which bar defendant cannot legally waive." The reference is to §§ 304a and 1006a of the act, 49 U.S.C.A., which provide a three-year period of limitations in actions for transportation charges by and against carriers who are subject to the jurisdiction of the Interstate Commerce Commission. Midstate Horticultural Co. v. Pennsylvania R.R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96 (1943), held that this bar cannot be waived by agreement of the parties. The court there said that the statute not only bars the remedy but actually terminates the substantive right involved. Further, it refused to make fine distinctions between actions brought on a tariff filed with the Commission, and common law actions based on a contract between the parties.
After serving its answer defendant moved to strike the complaint because (1) no services were rendered under the 1952 contract, and (2) this being so, plaintiff cannot recover on the three other counts because of the Interstate Commerce Act three-year limitation. The motion is still pending because, before the Law Division could rule on it, plaintiff appeared before the Chancery Division judge who had dismissed the first action and moved to set aside the judgment of dismissal and restore the case to the active list. The motion was granted. Again we have no stenographic record, *155 but it seems clear that the court's decision was based on defendant's failure to abide by what the judge felt was intended when he entered the judgment of dismissal with its stipulation that the defense of limitations should not again be raised.
Defendant argues that it lived up to the stipulation, since the judgment of dismissal required only that it not plead the statute of limitations to plaintiff's action upon the 1952 contract. There are two answers to this. First, if defendant may not waive the bar of the three-year limitation to the last three counts of the Law Division complaint, it most certainly cannot as to the first count. Note that the Midstate Horticultural Co. case involved an action on a contract, and not one on the common counts. In the second place, the third separate defense raising the defense of limitations did not refer to the last three counts only, but was directed to the entire complaint.
The judgment should be affirmed as a proper exercise of the discretionary power given a trial court by R.R. 4:62-2 to relieve a party from a final judgment, order or proceeding, for any of the reasons, (a) to (f), there stated. Plaintiff's motion did not set out the particular ground upon which it relied, beyond reciting that the original dismissal had been conditioned upon defendant's not raising the defense of limitations to the new suit to be instituted in the Law Division; that such a defense had been raised, and that this had prejudiced plaintiff so that it was necessary to restore the Chancery Division action "in order to prevent injustice." We do not, as noted, have the benefit of a record of what actually transpired at the argument in the Chancery Division. However, the court was obviously moved to restore the case to the active list on equitable grounds, for one or more of the reasons mentioned under the cited rule. Since we review the correctness of the trial court's action, rather than the reason (if any) assigned, we will affirm where there is any ground for supporting that action. If, as seems likely, neither plaintiff nor the court was aware of the inability *156 of the parties to waive all applicable statutes of limitation, the relief given would be justified under R.R. 4:62-2(a) because of "mistake, inadvertence, surprise, or excusable neglect." It would also be justified under subsection (f)  "Any other reason justifying relief * * *"  and this on equitable grounds. Cf. Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949).
What should have been done in the Chancery Division when defendant initially moved for dismissal of the complaint was to have transferred the matter to the Law Division. There the pleadings could have been amended and a pretrial conference held which would have stripped the controversy of all extraneous issues and parties, leaving for determination plaintiff's claim against defendant Motor-Rail Co. for services rendered under the 1952 contract. This would have been by far the most expeditious and simple procedure. It was not followed, thereby resulting in the present complications. The fact remains that plaintiff has the right to have its claim tried on the merits. For the trial court not to have restored the action to the active list would have resulted in a procedural frustration of a just determination between the parties on the ultimate merits.
What the Chancery Division judge did was rooted in discretion  a discretion which should be freely exercised when the enforcement of a judgment would be unjust, oppressive or inequitable. Clearly, equitable principles guided the trial court in granting plaintiff relief in the particular circumstances of this case. Justice and equity required no less. In re Manfredini, 24 N.J. Super. 59, 64 (App. Div. 1952); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27, 33 (App. Div. 1951).
The appeal will be dismissed. If the action is to proceed in the Chancery Division, plaintiff should now clear the Law Division calendar of its pending action by entry of a judgment of dismissal, without prejudice.