208 N.J. Super. 207 (1986)
505 A.2d 190
JEFFREY TAYLOR, AN INFANT, BY HIS GUARDIAN AD LITEM, JACK WURGAFT, ESQ., PLAINTIFFS-APPELLANTS,
v.
GENERAL ELECTRIC COMPANY, DEFENDANT-APPELLANT, AND THE CLOROX COMPANY, ELIZABETHTOWN GAS COMPANY, AND ABATE AMOCO STATION, DEFENDANTS-RESPONDENTS, AND AMOCO OIL CORP., FRANK J. TAYLOR AND HAZEL TAYLOR, DEFENDANTS.
JAMES TAYLOR, AN INFANT BY HIS GUARDIAN AD LITEM, MICHAEL BLACKER, ESQ., PLAINTIFFS-APPELLANTS,
v.
GENERAL ELECTRIC COMPANY, DEFENDANT-APPELLANT, AND THE CLOROX COMPANY, ELIZABETHTOWN GAS COMPANY, AND ABATE AMOCO STATION, DEFENDANTS-RESPONDENTS, AND AMOCO OIL CORP., FRANK J. TAYLOR AND HAZEL TAYLOR, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1986.
Decided February 13, 1986.
*210 Before Judges FURMAN, PETRELLA and COHEN.
Bernard Chazen argued the cause for the appellant Jeffrey Taylor (Weiner, Ostrager, Fieldman & Zucker, attorneys).
Kenneth S. Javerbaum argued the cause for the appellant James Taylor (Javerbaum & Wurgaft, attorneys).
James P. Richardson argued the cause for the appellant General Electric Company (Sellar, Richardson & Stuart, attorneys).
Joseph DiRienzo argued the cause for the respondent The Clorox Company.
John D. North argued the cause for the respondent Elizabethtown Gas Company (MacKenzie, Welt, Duane & Maher, attorneys; Dennis J. Barrett on the brief).
Kenneth R. Russell argued the cause for the respondent Abate Amoco Station (Lynch, Mannion, Martin, Benitz & Lynch, attorneys; Thomas B. Mannion of counsel and on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Both infant plaintiffs and defendant General Electric Company (GE) appeal from summary judgments in favor of defendants The Clorox Company (Clorox) and Elizabethtown Gas Company (Elizabethtown), which, although interlocutory, were certified by the trial court as final judgments. Defendant GE appeals without leave of court from the denial of summary judgment in its favor, also an interlocutory order.
GE's interlocutory appeal without leave was calendared before us by administrative error. We discern no good cause for exercising our jurisdiction under R. 2:4-4(b)(2) to grant *211 leave to appeal nunc pro tunc. We dismiss GE's appeal from the denial of summary judgment in its favor.
The trial court's certification of the summary judgments in favor of Clorox and Elizabethtown as final judgments was a mistaken application of R. 4:42-2. The intention of that rule, as clarified by the amendment to it effective January 2, 1986, is to permit execution on a partial judgment fully adjudicating a separable claim for affirmative relief of all claims by or against a single party; its intention is not to provide a mechanism for interlocutory appellate review. Pressler, Current N.J. Rules, Comment R. 4:42-2 (1986).
On this record the trial court's certification leads to truncation of the litigation by partial appellate review of the issues pleaded, while other issues, including the issues of liability against defendants Taylor and Abate Amoco Station, remain unresolved and awaiting trial. Granting leave for interlocutory appeal should be within our exclusive authority as an exercise of our discretion "in the interest of justice," R. 2:2-4. An improvident certification by a trial judge is not binding upon us. As we said in Delbridge v. Jann Holding Company, 164 N.J. Super. 506, 510 (App.Div. 1978), "[R. 4:42-2] was not intended to permit trial judges to control appellate calendars by granting, in effect, a motion for leave to appeal."
Nevertheless under the circumstances, including the extensive briefing of the issues and the elapse of more than a year and a half, we do not dismiss plaintiffs' and GE's appeals from the summary judgments in favor of defendants Clorox and Elizabethtown. We affirm both summary judgments on the merits.
Infant plaintiffs, then aged 4 and 2, were burned in a flash fire in the cellar of their home. Gasoline vapors were ignited by an intermittent electric spark ignition system, which was exposed by air venting, in their parents' GE clothes dryer. The dryer was gas-fired. Elizabethtown supplied the gas. The *212 gasoline had been stored in a used and empty Clorox bottle on the third stair from the bottom of an outside flight of stairs leading to the cellar. The dryer was in the cellar, several feet from the door to the outside stairwell. Sometime before, the injured plaintiffs' mother had taken the Clorox bottle to defendant Abate Amoco Station and had it filled with gasoline for use in the family's power lawn mower. Infant plaintiffs had been playing in the general area of the cellar and the outside stairwell. Without explanation in the record, the Clorox bottle upset and its cap loosened and fell off. Gasoline spilled down the stairs, through the open cellar doorway and along the cellar floor approaching the dryer.
Indisputably on the record, gas from the dryer did not cause or contribute to causing the flash fire or any intensification of it; no residue of Clorox in the Clorox bottle contributed in any way to the chain of events culminating in the flash fire.
The theory of liability against Elizabethtown was negligence in breach of a duty to warn of a foreseeable danger. Strict product liability was not pleaded in the complaints against Elizabethtown. Infant plaintiffs did not allege that they were injured as a proximate result of an unsafe condition of Elizabethtown's gas. Strict product liability was not germane or applicable factually. As a cause of action, strict product liability does not lie for an injury which had no proximate causal relationship whatsoever with that product or its use.
The negligence alleged against Elizabethtown was in failing to warn its customers that they should not store gasoline where it might spill near a gas-fired appliance with an exposed electrical ignition system. Plaintiffs, GE and Abate Amoco Station contend that, without such warning, danger of fire or explosion, not of gas but of some nearby flammable vapor, was reasonably foreseeable by Elizabethtown. We reject that theory of liability as groundless. The duty to warn enforceable in tort law against the manufacturer and distributor of a product *213 should not extend to a duty to warn of negligence or other liability of a third party. On the facts before us, a duty to warn of negligence by any codefendant or of strict product liability by GE or Clorox should not be imposed upon Elizabethtown. Danger of fire or explosion as a proximate result of a third party's actionable fault, even if conceivable as a possibility by Elizabethtown, was not as a matter of law reasonably foreseeable by Elizabethtown.
We are mindful of plaintiffs' assertion in their joint brief that Elizabethtown had a duty to approve "the type of appliance that is used to deliver its product." That assertion is without support in the record. No such duty was assumed by Elizabethtown as part of cooperative safety efforts between the gas utility industry and gas appliance manufacturers. GE in its brief acknowledges that Elizabethtown had no "continuing duty to inspect appliances" and that it seeks to impose on Elizabethtown only a duty to warn its customers.
Negligence and strict product liability theories were advanced against Clorox, based upon failure to provide an adequate warning. Both are untenable on the law and the facts. Plaintiffs, GE and Abate Amoco Station contend that Clorox had a duty to warn against reuse of its empty bottle to store gasoline because of a reasonably foreseeable danger of spillage and an ensuing fire or explosion. That duty, according to the parties adverse to Clorox, arose from the shape and convenient handle of the plastic Clorox bottle lending themselves to and inducing reuse, together with a pattern of reuse common in past experience. Moreover, Clorox, according to plaintiffs and codefendants, had assumed a duty to warn but failed factually to provide an adequate warning, by a caution on the label on the Clorox bottle: "Do not use this bottle for storage of any liquid except Clorox."
We reject the grounds of liability charged against Clorox as too remote, too broad and without decisional law precedent. If Clorox had such duty to warn against reuse of its empty *214 bottles, logically the same duty would be enforceable against every manufacturer and distributor of any bottle, jar, box or other container and would extend to its reuse not only for gasoline but for any flammable or otherwise dangerous liquid or solid. Clorox did not assume such a duty by its precautionary label.
Campos v. Firestone Tire and Rubber Co., 98 N.J. 198, 206 (1984) limits the strict product liability duty to warn as follows:
Generally, the duty to warn extends only to foreseeable users of the product and to uses that reasonably should have been objectively anticipated. "Fundamental to the determination of a products liability case, including one predicated on a defective design or inadequate warning, is the duty of the manufacturer to foreseeable users." O'Brien v. Muskin Corp., 94 N.J. 169, 180 (1983). If the use of the product is beyond its intended or reasonably anticipated scope (thereby not being probative of whether the product was fit, suitable, and safe), there may be no duty to warn. See Brown v. United States Stove Co., 98 N.J. 155, 168 (1984). Thus, the manufacturer of a knife is not chargeable with a failure to warn that the knife is sharp and should not be used as a toothpick. See Suter v. San Angelo Foundry & Mach. Co., 81 N.J. 150, 159 (1979).
Under the developing law in this field, failure to provide an adequate warning may amount to a design defect subjecting the manufacturer or distributor of a product to strict product liability. Judicial authorities recognize liability of the manufacturer or distributor of a product for failure to provide a warning only if the warning would have enabled the user of the product to make it reasonably safe in ordinary use or otherwise to protect himself, Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386 (1982); Beshada v. Johns-Manville Products Corp., 90 N.J. 191 (1982); Freund v. Cellofilm Properties, Inc., 87 N.J. 229 (1981); Martinez v. Atlas Bolt & Screw Co., 636 P.2d 1287 (Colo. App. 1981); see also Torsiello v. Whitehall Laboratories, 165 N.J. Super. 311 (App.Div. 1979), certif. den. 81 N.J. 50 (1979).
We express our view that the interlocutory appeal without leave by GE was without merit. A sufficient showing of strict product liability in failing to provide a warning on the dryer was conceded at oral argument. That warning would have been against storage of gasoline in proximity to the dryer. GE argues only lack of proximate causal relationship between its *215 failure to provide such warning and the flash fire in which infant plaintiffs were burned.
We disagree. Storage on a flight of stairs impending above the dryer may, arguably, not have been storage in immediate proximity to the dryer; nevertheless, predictably, gasoline spilled on the stairs would flow or trickle to the area of the dryer and its exposed electrical ignition system.
Moreover, there was ample factual support in the record for the alternative theory against GE of strict product liability for a design defect, that is, the placement of its ignition system and burner at an elevation of less than a foot above the floor, rather than at an elevation of two feet or more, which, according to plaintiffs' expert's report, would have substantially reduced the possibility of ignition of vapors from flammable liquids spilled nearby.
We affirm on plaintiffs' and GE's appeals from summary judgments in favor of defendants Clorox and Elizabethtown. We dismiss GE's interlocutory appeal without leave from denial of summary judgment in its favor.