ROBERT RILEY, DONNA RILEY, THOMAS TOBIN AND ROBERTA TOBIN, PLAINTIFFS-APPELLANTS, v. NEW JERSEY BELL TELEPHONE COMPANY AND BOROUGH OF BELLMAWR, DEFENDANTS-RESPONDENTS, AND LISA HICKS AND ROBERT RILEY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued October 6, 1986—Decided October 20, 1986.

Before Judges MORTON I. GREENBERG and GRUCCIO.

*Joseph P. Briglia,* attorney for appellants Robert Riley and Donna Riley.

*Arthur L. Levy,* attorney for appellants Thomas Tobin and Robert Tobin.

*Green, Lundgren & Ryan,* attorneys for respondent New Jersey Bell Telephone Company (*William L. Lundgren and Alexander W. Ross, Jr.,* on the brief).

*Schuenemann, Gercke & Dumser,* attorneys for respondent Borough of Bellmawr (*John R. Gercke,* on the brief).

PER CURIAM.

This matter comes on before this court on appeal from an order for summary judgment in favor of defendants New

Jersey Bell Telephone Company and the Borough of Bellmawr
in this motor vehicle accident case.

The circumstances giving rise to the appeal are not complicat-
ed. On or about September 2, 1982 there was a collision at or
near an intersection in Bellmawr between a motorcycle owned
and operated by Robert Riley on which Thomas J. Tobin, Jr.
was a passenger and an automobile operated by Lisa Hicks.
As a consequence separate actions, later consolidated, were
filed by Riley and Tobin and their wives *per quod*. After
amendments to the pleadings New Jersey Bell, Bellmawr and
Hicks were defendants in both cases and Riley was a defendant
in the Tobin action. As is usual in cases of this nature, there
were crossclaims among defendants. New Jersey Bell and
Bellmawr were made defendants on a theory that equipment
installed by the telephone company on land owned by Bellmawr
blocked Hicks' vision at the intersection and thus was a proxi-
mate cause of the accident.

Eventually New Jersey Bell and Bellmawr each moved for
summary judgment. On October 11, 1985 the motion judge
granted Bellmawr's application. It appears, however, that no
order was then entered reflecting this determination. Follow-
ing the judge's decision in favor of Bellmawr, New Jersey Bell
moved for summary judgment as well. Its motion was argued
on November 8, 1985. At that time Riley asked the court to
certify the summary judgment to be entered as final if it
followed the decision on New Jersey Bell's motion. He wanted
this order as Hicks' insurance carrier had paid its policy into
court and thus he saw no point in proceeding against Hicks.
The judge recognized that if the judgment was not certified as
final Riley would have an "interlocutory problem." Following
some discussion of the circumstances of the accident, there was
further colloquy regarding the necessity of certifying any order
granting the motion as final so this court would hear the
appeal. Finally, the judge granted the motion for summary
judgment and an order to that end was entered on November
12, 1985. On November 25, 1985 the judge signed an order

entering final judgments under *R.* 4:42–2 in favor of both New Jersey Bell and Bellmawr. In his order the judge recited that there was no just reason for delay in entry of the final judgment. Riley and Tobin have appealed from the order of November 25, 1985.

Under *R.* 4:42–2 certain orders may be certified as final and thus appealable. But as noted in the commentary to the rule:

> The rule was again amended effective January, 1986 to make clear that it is not any interlocutory order which is certifiable and that the certification technique is not available for the sole purpose of achieving interlocutory review. This was accomplished by limiting the 'no just reason for delay' standard of the rule to situations in which there is no reason to delay enforcement of the interlocutory order. Thus it is only an order susceptible to enforcement as a final order which is eligible for certification. This limited eligibility excludes orders dismissing as to particular parties, denying summary judgment, and indeed the whole panoply of orders which, if final, would confer no enforcement rights under R. 4:59. The original intention of this rule was to permit execution on a partial judgment fully adjudicating a separable claim for affirmative relief or all claims by and against a single party. That the partial judgment so certified is final for appeal purposes is a collateral and not a primary consequence of the certification. Hence it was a misuse of the rule for a trial court to 'certify' as final a partial adjudication other than one granting affirmative relief in order that the adjudication be immediately appealable, a technique of increased currency. Such interlocutory adjudications are appealable only on leave granted by the appellate court pursuant to R. 2:5–6. The appellate court's calendar is not subject to control by a trial court certification pursuant to this rule. See *Leonardis v. Bunnell,* 164 N.J.Super. 338 (App.Div.1978), certif. denied 81 N.J. 265 (1979); *Delbridge v. Jann Holding Company,* 164 N.J.Super. 506 (App.Div.1978); *Porter & Ripa v. 200 Madison Ave. Real Estate,* 167 N.J.Super. 48 (App.Div.1979); *DiMarino v. Wishkin,* 195 N.J.Super. 390 (App.Div.1984).

In this case the very purpose of the certification was to subject our calendar to control by the trial court, a goal not contemplated by *R.* 4:42–2. While we recognize that the rule was amended January 1, 1986, even before that amendment it was clear that a certification so that a matter would be appealable immediately was improper. *See Delbridge v. Jann Holding Company,* 164 *N.J.Super.* 506, 510 (App.Div.1978). Accordingly we disregard the certification and thus we treat the appeal as having been improperly taken from an interlocutory order.

We are aware that in other cases in which interlocutory orders have been appealed as of right the court has granted leave to appeal *nunc pro tunc.* Nevertheless we think that the time has come in the light of the numerous decisions condemning unauthorized interlocutory appeals to enforce the rules.

The appeal is dismissed.