242 N.J. Super. 76 (1990)
576 A.2d 24
FAIR SHARE HOUSING CENTER, INC., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF CHERRY HILL, DEFENDANT-APPELLANT.
CHARLESTON HOMEOWNERS ASSOCIATION, APPELLANT,
v.
NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1990.
Decided June 14, 1990.
*77 Before Judges DREIER, SCALERA and D'ANNUNZIO.
Francine I. Axelrad argued the cause for appellant Township of Cherry Hill.
Geraldine Callahan, Deputy Attorney General, argued the cause for respondent New Jersey Council on Affordable Housing (Peter N. Perretti, Jr., Attorney General).
Jeffrey I. Baron argued the cause for appellant Charleston Homeowners Association.
Stephen Eisdorfer, Assistant Deputy Public Advocate, argued the cause for respondent Public Advocate of New Jersey.
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
We now dismiss the appeal of the Township of Cherry Hill (sometimes referred to as the Township) because it is interlocutory, and we dismiss the appeal of Charleston Homeowners Association (Charleston) because it is moot.
In 1985, plaintiff, Fair Share Housing Center, Inc., and others commenced this exclusionary zoning action against the Township. Plaintiff sought relief pursuant to the principles announced in Mount Laurel I[1] and Mount Laurel II[2]. That *78 same year, the Legislature, in response to Mount Laurel I and II, adopted the Fair Housing Act (FHA), L. 1985, c. 222; N.J.S.A. 52:27D-301 et seq. By order dated January 23, 1986, the Law Division granted the Township's motion to transfer Count One[3] of the complaint to the Council on Affordable Housing (COAH) "pursuant to Section 16(b) of the Fair Housing Act."
Section 16 of the FHA provides:
For those exclusionary zoning cases instituted more than 60 days before the effective date of this act, any party to the litigation may file a motion with the court to seek a transfer of the case to the council. In determining whether or not to transfer, the court shall consider whether or not the transfer would result in a manifest injustice to any party to the litigation. If the municipality fails to file a housing element and fair share plan with the council within five months from the date of transfer, or promulgation of criteria and guidelines by the council pursuant to section 7 of this act, whichever occurs later, jurisdiction shall revert to the court.
b. Any person who institutes litigation less than 60 days before the effective date of this act or after the effective date of this act challenging a municipality's zoning ordinance with respect to the opportunity to provide for low or moderate income housing, shall file a notice to request review and mediation with the council pursuant to sections 14 and 15 of this act. In the event that the municipality adopts a resolution of participation within the period established in subsection a. of section 9 of this act, the person shall exhaust the review and mediation process of the council before being entitled to a trial on his complaint. [N.J.S.A. 52:27D-316; footnote omitted.]
Cherry Hill complied with § 16's timing requirements and submitted a housing element and fair share plan to COAH on January 5, 1987, the last day of the § 16 deadline, thereby avoiding the reversion of jurisdiction to the Law Division. On March 7, 1987, COAH instructed the Township to remedy certain plan deficiencies and to resubmit the plan within 60 days. The deadline was extended to July 3, 1987 because of COAH's adoption of a regulation capping municipal fair share obligations at 1,000 units. N.J.A.C. 5:92-7.1(b). The Township *79 resubmitted its plan on July 1, 1987. Under N.J.A.C. 5:91-4.2, Cherry Hill's submission of the plan constituted a petition for substantive certification.
After published notice of the petition for certification, six parties filed objections to the Township's plan. Mediation commenced on August 27, 1987, as required in N.J.S.A. 52:27D-315, and continued for 164 days, 100 days beyond the 60-day time limit established in N.J.A.C. 5:91-7.2(e). Mediation concluded in February 1988. It resulted in a plan which resolved objections and which eliminated certain techniques the Township had proposed to utilize in providing its fair share of affordable housing. The plaintiff and the public advocate had vigorously opposed those techniques and the COAH task force had concluded that they were inappropriate.
Cherry Hill presented the mediated plan at a hearing before its planning board. COAH's staff presented the Township's petition for substantive certification based on the mediated plan to COAH at its May 16, 1988 public meeting. The staff recommended that COAH grant the petition with conditions. COAH was scheduled to act on the petition at its June 6, 1988 meeting, but several days before the meeting the Township filed a motion with COAH seeking to amend the mediated plan in many significant respects. The proposed amendment included reinstatement of the objectionable techniques which had been eliminated during the mediation process. On July 25, 1988, COAH entered an order denying the Township's motion to amend for the reasons expressed in its written opinion. It is from this order that Cherry Hill appeals.
On the same date, July 25, 1988, COAH adopted a resolution approving the Township's petition for substantive certification based on the mediated plan. This approval was subject to six conditions, including the condition that Cherry Hill revise its housing element and fair share plan "to reflect the agreements achieved in mediation...." The Township was given 60 days to comply with the conditions. Cherry Hill did not comply, and *80 on September 26, 1988, COAH adopted a resolution denying substantive certification and returning the controversy to the "jurisdiction of the courts."
In its July 25, 1988 opinion, COAH addressed Charleston's attempt to file a brief in support of the Township's motion. Charleston is an association of homeowners residing adjacent to the Sergi tract which, under the mediated plan, was designated as an affordable housing site. COAH noted that Charleston
did not participate in the Council process and did not file as an objector to the plan. In fact, the group did not even file as an interested party to Cherry Hill's plan. The Council has nothing on record to indicate CHA's participation before it. Accordingly, CHA has no standing before the Council.
Charleston appeals from COAH's decision precluding its participation. Charleston contends that it did not participate as an objector in the mediation process because the Sergi tract was not part of Cherry Hill's original plan but was included in the mediated plan without notice to adjoining landowners. It also attacks the absence in COAH regulations of a provision for the filing of objections to a mediated plan.
In Hills Dev. Co. v. Bernards Tp., 103 N.J. 1, 510 A.2d 621 (1986) our Supreme Court explained the FHA in detail, especially the shifting to COAH of the courts' responsibility to implement Mount Laurel's constitutional principles. COAH's substantive certification of a municipality's fair share plan and housing element is the FHA's core. It is a municipal goal which, if achieved, favors the municipality with certain protections. Hills Dev. Co., supra at 35, 510 A.2d 621. The major protection is found in N.J.S.A. 52:27D-317. This section provides that if a municipality with substantive certification is a party in an exclusionary zoning case, then "there shall be a presumption of validity attaching to the housing element and ordinances implementing the housing element," which the complainant must overcome by "clear and convincing evidence." Hills Dev. Co., supra at 34-35, 510 A.2d 621. The FHA also affords a municipality other protections and advantages thereby making COAH certification an attractive alternative to exclusionary *81 zoning litigation. Id. at 22, 510 A.2d 621. But a municipality is not required to petition for substantive certification. Id. at 35, 510 A.2d 621. If it does not petition, then it will be subject to Mount Laurel litigation. Id. at 35-36, 510 A.2d 621.
The present case involves a transfer to COAH of a pending exclusionary zoning case, pursuant to § 16 of the FHA, rather than an initial petition pursuant to N.J.S.A. 52:27D-313 and 314. The difference is significant because in a transfer context the FHA contemplates the reversion of jurisdiction to the courts in the event of a failed COAH proceeding. See § 16a and b supra. N.J.S.A. 52:27D-318 provides in part that a Mount Laurel plaintiff's obligation to exhaust administrative remedies as required in § 16b "expires if the council rejects the municipality's request for substantive certification or conditions its certification upon changes which are not made within the period established in this act or within an extension of that period agreed to by the council and all litigants." See also N.J.S.A. 52:27D-319 which authorizes a plaintiff to move before "a court of competent jurisdiction to be relieved of the duty to exhaust administrative remedies" if the review and mediation process exceeds six months.
In the present case, COAH denied substantive certification to Cherry Hill and returned the matter to the courts. Thus, the exclusionary zoning complaint which triggered the COAH proceedings has not been resolved and we are persuaded that COAH's July 25, 1988 order continues to be an interlocutory order appealable only upon leave granted. R. 2:2-3; R. 2:2-4. See Boss v. Rockland Elec. Co., 95 N.J. 33, 42, 468 A.2d 1055 (1983) (agency fact finding and court's legal conclusions "drawn therefrom" should be resolved in a single appeal); cf. Olah v. Slobodian, 119 N.J. 119, 574 A.2d 411 (1990) (order granting new trial is interlocutory) at 128-30, 574 A.2d at 416-17);[4]United Cannery Maintenance v. Local 80-A, 16 *82 N.J. 264, 108 A.2d 425 (1954) (order denying summary judgment motion is interlocutory); Cardinale Trucking Corp. v. Motor-Rail Co., 56 N.J. Super. 150, 152 A.2d 153 (App.Div. 1959) (order restoring previously dismissed case to trial calendar is interlocutory). The FHA's structure supports our conclusion that COAH's order is interlocutory. As to transferred cases, the COAH proceeding is a diversion from the Law Division litigation with the objective of resolving the issues within the FHA framework. But it is merely a diversion, i.e., a temporary suspension of the litigation. If the COAH proceeding fails, then the litigation, which has not been dismissed, resumes.
Our conclusion is soundly grounded in the ancillary Mount Laurel policy of eliminating delay fostered by piecemeal appeals. On three occasions in its Mount Laurel II opinion, the Supreme Court condemned appeal-engendered delay:
In most cases, upon determination that the municipality has not fulfilled its constitutional obligation, the trial court will retain jurisdiction, order an immediate revision of the ordinance ..., and require the use of effective affirmative planning and zoning devices. The long delays of interminable appellate review will be discouraged, if not completely ended.... [Mount Laurel II, 92 N.J. at 214, 456 A.2d 390.]
The judiciary should manage Mount Laurel litigation to dispose of a case in all of its aspects with one trial and one appeal, unless substantial considerations indicate some other course. This means that in most cases after a determination of invalidity, and prior to final judgment and possible appeal, the municipality will be required to rezone, preserving its contention that the trial court's adjudication was incorrect. If an appeal is taken, all facets of the litigation will be considered by the appellate court including both the correctness of the lower court's determination of invalidity, the scope of remedies imposed on the municipality, and the validity of the ordinance adopted after the judgment of invalidity. [Mount Laurel II, 92 N.J. at 218, 456 A.2d 390.]
The remedies authorized today are intended to achieve compliance with the Constitution and the Mount Laurel obligations without interminable trials and appeals. Municipalities will not be able to appeal a trial court's determination that its ordinance is invalid, wait several years for adjudication of that appeal, and then, if unsuccessful, adopt another inadequate ordinance followed by more litigation and subsequent appeals. We intend by our remedy to conclude in one proceeding, with a single appeal, all questions involved. [Mount Laurel II, 92 N.J. at 290, 456 A.2d 390.]
We perceive no sound reason to deviate from the principle of "one proceeding, with a single appeal," ibid., merely because *83 the Legislature has provided the FHA's diversionary machinery. The FHA is the Legislature's acceptance of our Supreme Court's invitation to become involved in the implementation of Mount Laurel's constitutional principles. It would be anomalous to allow a municipality to utilize that machinery to achieve delay through "interminable appeals" which the Supreme Court has condemned. Indeed, in upholding the FHA's constitutionality, the Court sounded this warning:
That is the general outline of how this Act and the Council created by it are intended to operate, and the results they are intended to achieve. It is a description at variance with the prediction of some who oppose the Act. Our opinion and our rulings today, significantly reducing the courts' function in this field, are based on this outline, based that is, on the Council's ability, through the Act, to approach the results described above. If, however, as predicted by its opponents, the Act, despite the intention behind it, achieves nothing but delay, the judiciary will be forced to resume its appropriate role. [Hills Dev. Co., supra, 103 N.J. at 23, 510 A.2d 621.]
Cherry Hill's appeal is dismissed as interlocutory.
Charleston's appeal from COAH's denial of its attempt to intervene is moot because the mediated plan which Charleston opposed has not been implemented.
Plaintiff's exclusionary zoning suit shall proceed in the Law Division.
NOTES
[1] South Burlington County N.A.A.C.P. v. Mount Laurel, 67 N.J. 151, 336 A.2d 713 (1975).
[2] South Burlington County N.A.A.C.P. v. Mount Laurel, 92 N.J. 158, 456 A.2d 390 (1983).
[3] In Count Two plaintiff sought to invalidate Cherry Hill's agreement to purchase a tract particularly suited to high density development with low and moderate income set asides.
[4] Accord Gaffney v. Illingsworth, 90 N.J.L. 490, 493, 101 A. 243 (E. & A. 1917).