688 A.2d 110

RUNDLE V. HALLOWELL, PLAINTIFF–APPELLANT, v. AMERI-CAN HONDA MOTOR CO., INC., DEFENDANT–RESPONDENT, AND ROGER NOVELLY; MARTIN MANAGEMENT CO., INC.; M.J.R. MANAHAWKIN, INC.; THE ESTATE OF MARTIN L. LUSTGARTEN, INC.; RAYMOND W. HOVSEPIAN, STEVEN LISHNOFF, PAUL VOYNOW, SCOTT LUSTGARTEN, AND LIN-DA LUSTGARTEN, AS EXECUTORS OF THE ESTATE OF MARTIN L. LUSTGARTEN, DECEASED; AND JERRY BILL-MYER, INDIVIDUALLY, JOINTLY, SEVERALLY, AND/OR IN THE ALTERNATIVE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted *October 29, 1996—Decided January 31, 1997.*

Before Judges D'ANNUNZIO, WEFING and NEWMAN.

*Sarubbi & Sarubbi,* for appellant (*Vincent P. Sarubbi,* of counsel and on the brief).

*McCarter & English,* and *David S. Foster* and *Joseph A. Sullivan* (*Latham and Watkins*) of the Illinois bar, admitted pro hac vice, attorneys for respondent (*Therese M. Keeley* and *David S. Foster,* of counsel and on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Plaintiff Rundle V. Hallowell sued American Honda Motor Co., Inc. (Honda) and other defendants, alleging that Honda had violated an agreement to grant a dealership franchise to an entity in which plaintiff had an interest and that he had been cheated out of an equity participation in a different entity to which Honda had granted a franchise. The court entered summary judgment in favor of Honda and its former executive, the defendant Novelly.[1]

---

[1] Novelly has not participated in this appeal. It is alleged that plaintiff never served a copy of the notice of appeal on him.

The litigation was not concluded, however, with regard to the other defendants. The trial court certified the summary judgments in favor of Honda and Novelly as final judgments in accordance with R. 4:42–2. Thereafter, plaintiff filed a notice of appeal. Honda's motion to dismiss the appeal as untimely was denied by this court in a one-judge order. Honda never moved to dismiss this appeal on the ground that it was an appeal from an interlocutory order for which leave had not been granted.

After this appeal was calendared, we informed counsel for plaintiff and Honda that, in our view, the use in this case of the R. 4:42–2 procedure for certifying interlocutory orders as final judgments had been inappropriate. Counsel informed us that plaintiff's claim against the other defendants was still pending. We gave counsel leave to file letter briefs addressing the improvident use of R. 4:42–2 and whether the appeal should be dismissed as interlocutory. Honda filed a letter brief urging us not to dismiss the appeal. Plaintiff did not file a brief.

■ R. 4:42–2 provides in relevant part:

> If an order *would be subject to process to enforce a judgment* pursuant to R. 4:59 if it were final and if the trial court certifies that there is no just reason for delay of such enforcement, the trial court may direct the entry of final judgment upon fewer than all the claims as to all parties.... [Emphasis added.]

This rule, by its terms, does not apply to the summary judgments in favor of defendants Honda and Novelly because those judgments would not "be subject to process to enforce" them. *See Taylor v. General Elec. Co.*, 208 *N.J.Super.* 207, 211, 505 *A.*2d 190 (App.Div.), *certif. denied,* 104 *N.J.* 379, 517 *A.*2d 388 (1986); Pressler, *Current N.J. Court Rules,* comment on *R.* 4:42–2 (1997) (observing that "it is only an order susceptible to enforcement as a final order which is eligible for certification. This limited eligibility excludes orders dismissing as to particular parties, denying summary judgment, and indeed the whole panoply of orders which, if final, would confer no enforcement rights under *R.* 4:59."). We conclude, therefore, that the trial court's certification of the summary judgments in this case was improvident. The

summary judgments remain interlocutory orders for which leave to appeal must be granted.

■ Honda contends that leave to appeal should be granted *nunc pro tunc* because the issues have been fully briefed by the parties and more than a year and a half has elapsed since the judgments were entered. *Cf. Taylor, supra,* 208 *N.J.Super.* at 211, 505 *A.*2d 190. We reject this contention. The parties should have known that the use of *R.* 4:42–2 was inappropriate, and responsibility for the ensuing delay rests at least partially with them.

■ Moreover, although *R.* 2:4–4(b)(2) authorizes the granting of leave to appeal *nunc pro tunc,* the exercise of that authority where a party has appealed from an interlocutory order as if it were a final judgment is extraordinary relief. *Frantzen v. Howard,* 132 *N.J.Super.* 226, 227–28, 333 *A.*2d 289 (App.Div.1975). In that case we made this observation:

> We say again that the grant of leave to appeal *nunc pro tunc* is most extraordinary relief and that the haphazard employment of it can have but a deleterious impact on appellate practice and the overall administration of justice. Piecemeal reviews, ordinarily, are anathema to our practice, as expressed in the rules which require the final disposition of all issues at one hearing on the trial level followed by orderly appellate review. The interruption of the litigation at the trial level, by the taking, as here, of an unsanctioned "appeal", disrupts the entire process and is wasteful of judicial resources.

[*Ibid.*]

■ Counsel for Honda also relies on the one-judge order of this court denying Honda's motion to dismiss the appeal as untimely. The order recognized that the summary judgments were interlocutory rulings. The order noted, however, that the trial court had certified its orders as final. The propriety of the certification was not before us at that time. It is clear that Honda, by its motion to dismiss the appeal as untimely, was seeking an adjudication of the appeal which would have had preclusive effect. It was not seeking a dismissal of the appeal as interlocutory, a result which would not have had preclusive effect.

The trial court's order certifying the summary judgments as final is vacated, leave to appeal is denied, and the appeal is dismissed as interlocutory.