**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2650-19

MICHAEL BANDLER,

     Plaintiff-Appellant,

v.

GEORGE KOSTAS,

     Defendant-Respondent.

_____

> Argued February 11, 2021 – Decided March 3, 2021
>
> Before Judges Mawla and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2515-18.
>
> Michael Bandler argued the cause pro se.
>
> Joseph P. McGroarty argued the cause for respondent (Fitzgerald McGroarty attorneys; Joseph P. McGroarty on the brief).

PER CURIAM

     Plaintiff Michael Bandler appeals from a January 14, 2020 order denying his application to stay the proceedings on his fraud-based complaint against

defendant Joseph McGroarty because he filed a Chapter 13 bankruptcy petition. He also appeals a February 25, 2020 order dismissing the complaint without prejudice for his failure to appear for trial. Because the orders under review are not final, we dismiss the appeal as interlocutory.

Plaintiff obtained a $10,000 judgment against defendant's daughter and subsequently discovered that she owned a vehicle, later sold, which would have partially satisfied the judgment. After post-judgment discovery, where defendant initially stated that the vehicle was transferred to him, and then later admitted it was not, plaintiff filed a complaint alleging fraud. In defendant's answer, he denied all the allegations and asserted twelve affirmative defenses, including an assertion that "plaintiff's claims against [defendant] are frivolous in nature and in violation of N.J.S.A. 2A:15-59 and . . . Rule 1:4-8(b) and therefore plaintiff should be sanctioned."

On November 4, 2019, plaintiff filed for Chapter 13 bankruptcy protection. A few days after his petition was filed, plaintiff attended a previously scheduled arbitration but refused to participate.

On December 23, 2019, plaintiff filed an application to stay the proceedings pursuant to United States Bankruptcy Code, 11 U.S.C. § 362(a), arguing that the automatic stay applied because defendant's affirmative defense

seeking counsel fees was "a claim against the bankruptcy estate." Judge James P. Savio denied plaintiff's motion in a January 14, 2020 order. In his accompanying written statement of reasons, the judge explained that plaintiff was not entitled to a stay because "[s]ection 362 is only applicable where a judgment is rendered against a debtor, not suits by a debtor." The court further stated that "[a] bankruptcy judgment would have no bearing on a [p]laintiff bringing a claim, as any potential award would not be forthcoming from the [p]laintiff but rather from a defendant."

Plaintiff failed to appear for the February 24, 2020 trial believing that if he attended the proceedings, he would be in violation of the automatic stay. He also asserts in his merits brief that he had "contacted the court several times, seeking a delay in the trial, without success." On February 25, 2020, Judge Savio dismissed plaintiff's complaint without prejudice for lack of prosecution, a remedy expressly permitted by Rule 1:2-4(a).[1]

On appeal, plaintiff maintains that the judge's January 14, 2020 order refusing to stay the trial proceedings under 11 U.S.C. § 362(a) was erroneous. He also argues that Judge Savio's February 25, 2020 order dismissing his

---

[1] The parties have not included in the record a copy of the transcript from the February 24, 2020 proceeding.

complaint was improper as the automatic stay provision prevented the court from scheduling trial and entering the dismissal order.

We first address the finality of the trial court's January 14, 2020 and February 25, 2020 orders. The Rules that warrant dismissal of interlocutory appeals are clear. We consider appeals from final orders of a trial court and other orders expressly designated as final for purposes of appeal. R. 2:2-3(a)(1), (3). "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N. Golden Ests., Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). This "final judgment rule[] reflects the view that 'piecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'" Janicky at 550 (all but first alterations in original) (quoting S.N. Golden Ests., 317 N.J. Super. at 87).

If an order is not final, or among those orders expressly designated as final for purposes of appeal, a party must seek leave to appeal from the Appellate Division. R. 2:5-6(a). A grant of leave to appeal from an interlocutory order is left to the discretion of this court, and that discretion is exercised sparingly and "in the interest of justice." R. 2:2-3(b); R. 2:2-4; Janicky, 396 N.J. Super. at 551. It is clear that we will not decide an appeal from an interlocutory order

merely because the appellant's notice of appeal mischaracterized the order, the respondent did not move to dismiss, or the appeal was "fully briefed." Vitanza v. James, 397 N.J. Super. 516, 519 (App. Div. 2008).

Here, the orders under review were not final as they did not resolve all issues against the parties. Further, the February 25, 2020 dismissal order was expressly without prejudice.[2] A dismissal without prejudice is generally not a final order from which an appeal as of right can be taken. Kwiatkowski v. Gruber, 390 N.J. Super. 235, 237 (App. Div. 2007) (order dismissing plaintiff's complaint without prejudice pursuant to Rule 4:23-5 is not a final order). Further, "if a dismissal without prejudice is entered under a particular rule that itself provides for vacation of the dismissal . . . the order of dismissal may not be appealable unless vacation is first sought." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.4 on R. 2:2-3 (2021).[3]

---

[2]  Plaintiff's notice of appeal and corresponding case information statement incorrectly state that the court's February 25, 2020 order was not a without prejudice dismissal.

[3] We acknowledge that unlike Rules 1:13-7(a) and 4:23-5(a), Rule 1:2-4(a) does not, itself, specify the procedures for reinstating a dismissal without prejudice. See, e.g., Scalza v. Shop Rite Supermarkets, 304 N.J. Super. 636, 638 (App. Div. 1997). We are satisfied, however, that such a remedy is clearly contemplated by that Rule. Indeed, defendant conceded at oral argument that neither Rule 1:2-4(a), nor the court's February 25, 2020 order, precluded plaintiff from filing such an application, subject to defendant's opposition.

We recognize that we may, in appropriate cases, grant leave to appeal nunc pro tunc. R. 2:4-4(b)(2); see e.g., Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App. Div. 1974) (granting leave to appeal nunc pro tunc "in the interest of prompt disposition of the matter"). However, such relief is not automatic and should not be presumed as granting leave to appeal nunc pro tunc is "most extraordinary relief." Hallowell v. Am. Honda Motor Co., 297 N.J. Super. 314, 318 (App. Div. 1997) (quoting Frantzen v. Howard, 132 N.J. Super. 226, 227-28 (App. Div. 1975)). In dismissing an appeal as interlocutory after it was fully briefed, we stated:

> [I]f we treat every interlocutory appeal on the merits just because it is fully briefed, there will be no adherence to the Rules, and parties will not feel there is a need to seek leave to appeal from interlocutory orders.
>
> At a time when this court struggles to decide over 7,000 appeals a year in a timely manner, it should not be presented with piecemeal litigation and should be reviewing interlocutory determinations only when they genuinely warrant pretrial review.
>
> [Parker v. City of Trenton, 382 N.J. Super. 454, 458 (App. Div. 2006) (citations omitted).]

We are convinced that the interests of justice do not warrant consideration of plaintiff's interlocutory appeal from the trial court's orders of January 14, 2020 and February 25, 2020. R. 2:2-3(b); R. 2:2-4. In sum, we conclude the

6

January 14, 2020 and February 25, 2020 orders were not final orders. We also decline to treat plaintiff's improvidently filed appeal as a request for leave to appeal nunc pro tunc as there is nothing about the issues on appeal that warrant such "extraordinary" relief. See Hallowell, 297 N.J. Super. at 318.

Appeal dismissed without prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2650-19