851 A.2d 714

ELON ASSOCIATES, L.L.C., PLAINTIFF–APPELLANT, v. TOWNSHIP OF HOWELL, PLANNING BOARD OF THE TOWNSHIP OF HOWELL, AND NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 2, 2004—Decided July 1, 2004.

476

Before Judges SKILLMAN, COBURN and WELLS.

*Jeffrey Kantowitz,* argued the cause for appellant (*Goldberg, Mufson & Spar,* attorneys; *Mr. Kantowitz,* of counsel and on the brief).

*Santina M. Bombaci,* argued the cause for respondent Township of Howell (*DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer,* attorneys; *Jeffrey B. Lehrer,* of counsel; *Dominick M. Manco,* on the brief).

*Pamela E. Gellert,* Deputy Attorney General, argued the cause for respondent New Jersey Council on Affordable Housing (*Peter*

C. Harvey, Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Ms. Gellert, on the brief).

Ronald D. Cucchiaro, argued the cause for respondent Planning Board of the Township of Howell (Weiner Lesniak, attorneys; Louis P. Rago, on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The Fair Housing Act (FHA), N.J.S.A. 52:27D–301 to –329, provides that if a municipality invokes the administrative procedures of the Council on Affordable Housing (COAH) before Mount Laurel[1] litigation is instituted, those procedures must be exhausted before a party may pursue such litigation. The FHA also provides that if COAH grants substantive certification approving a municipality's plan for complying with its affordable housing obligations, a party may then pursue Mount Laurel litigation, but there is a strong presumption of validity of the municipality's plan in that litigation. The question presented by this appeal is whether the FHA's requirement of exhaustion of administrative remedies is applicable if COAH's grant of substantive certification is reversed on appeal and the matter is remanded to COAH for reconsideration. We conclude that exhaustion of administrative remedies is required under these circumstances.

In March 1995, defendant Howell Township filed a petition with COAH for substantive certification of its affordable housing compliance plan to satisfy its "second cycle" obligations,[2] which COAH

---

[1] Southern Burlington County N.A.A.C.P. v. Township of Mount Laurel, 67 N.J. 151, 336 A.2d 713, appeal dismissed and cert. denied, 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975); Southern Burlington County N.A.A.C.P. v. Township of Mount Laurel, 92 N.J. 158, 456 A.2d 390 (1983).

[2] COAH's regulations include calculations of municipal affordable housing obligations, initially for the "first cycle," 1987–93, and then for the cumulative "second cycle," 1987–99. See N.J.A.C. 5:93–2.1 and 2.20 and N.J.A.C. 5:93, Appendix A. The substantive rules for the "second cycle" were subsequently

determined to be 1109 housing units, of which 690 were satisfied by credits for the actions Howell had taken to satisfy its "first cycle" obligations. One of those credits was for the rezoning of a fifty-eight acre tract in the southern part of Howell, commonly referred to as the Weiner tract, on which a developer proposed to construct a 392–unit housing development that would include 79 affordable units.

After COAH rejected Howell's initial compliance plan, Howell submitted several revisions, and COAH granted conditional substantive certification to a revised plan in April 1998. After Howell satisfied the conditions of this approval, COAH granted final substantive certification in October 1998.

Plaintiff, the owner of a forty-eight acre tract of land in Howell, which proposes to construct a development that would produce seventy-two affordable housing units, filed a notice of appeal from the COAH resolution granting substantive certification to Howell's compliance plan. This appeal challenged COAH's recognition of the seventy-nine unit credit for the proposed affordable units on the Weiner site, which remained undeveloped even though more than ten years had elapsed since its inclusion in Howell's first cycle plan. Plaintiff contended that the factual materials it presented to COAH showed that this site is encumbered by wetlands and lacks access to water and sewer, and therefore does not present a realistic opportunity for construction of a high-density residential development that includes affordable housing. Plaintiff's appeal also challenged COAH's denial of its motion to intervene in the proceedings relating to Howell's petition for substantive certification.

While plaintiff's appeal was pending, plaintiff filed this *Mount Laurel* action in the Law Division against Howell, its planning board and COAH, seeking a declaration that Howell's compliance

extended first to May 5, 2004, *see* 31 *N.J.R.* 578(a); 31 *N.J.R.* 1479(a), and more recently to November 1, 2004, *see* 35 *N.J.R.* 5467(a). COAH has not yet made calculations of "third cycle" affordable housing obligations.

plan and implementing ordinance fail to provide a realistic opportunity for satisfaction of Howell's fair share obligations and the award of a "builder's remedy" compelling the inclusion of plaintiff's property in Howell's compliance plan.

After this action was filed, we affirmed COAH's denial of plaintiff's motion to intervene in an unreported opinion. *In re Township of Howell Petition for Substantive Certification*, No. A–1586–98T2 (App.Div. March 20, 2001). However, we reversed COAH's substantive certification of Howell's second cycle compliance plan and remanded the matter to COAH. We concluded that the factual materials plaintiff had submitted to COAH raised serious questions as to whether the Weiner site affords a realistic opportunity for the construction of affordable housing and that COAH had erred in refusing even to consider those materials. The Supreme Court denied petitions for certification filed by plaintiff and Howell. 169 *N.J.* 608, 782 *A.*2d 426 (2001).

COAH subsequently moved to dismiss this action on the ground that under the remand from this court, it has exclusive jurisdiction to consider whether Howell's compliance plan satisfies its second cycle affordable housing obligations. The trial court concluded that completion of proceedings on a municipality's petition for substantive certification is a prerequisite to maintenance of a *Mount Laurel* action, and therefore our remand to COAH divested the Superior Court of jurisdiction. Accordingly, the court entered an order dismissing plaintiff's complaint, subject to reinstatement upon completion of the remand. The court subsequently denied plaintiff's motion for reconsideration.

The FHA's declaration of legislative purpose expresses a strong preference for use of COAH's administrative procedures to secure compliance with a municipality's affordable housing obligations. *N.J.S.A.* 52:27D–303 states that "the State's preference for the resolution of existing and future disputes involving exclusionary zoning is the mediation and review process set forth in this act and not litigation[.]" To this end, the FHA confers "primary jurisdiction" upon COAH "for the administration of [affordable] housing

obligations in accordance with sound regional planning consider-ations[.]"  *N.J.S.A.* 52:27D–304(a).

The obligation to exhaust COAH's administrative proce-dures to secure compliance with municipal affordable housing obligations is particularly strong in a case where a municipality has invoked those procedures before *Mount Laurel* litigation is instituted.  *N.J.S.A.* 52:27D–316(b) provides:

> In the event [a] municipality adopts a resolution of participation within the period established in [*N.J.S.A.* 52:27D–309(a)], [any] person [challenging a municipality's zoning ordinance with respect to the opportunity to provide for low and moderate income housing] shall exhaust the review and mediation process of [COAH] before being entitled to a trial on his complaint.

In addition, *N.J.S.A.* 52:27D–309(b) provides:

> In any exclusionary zoning litigation instituted against such a municipality, howev-er, there shall be no exhaustion of administrative remedy requirements pursuant to [*N.J.S.A.* 52:27D–316] unless the municipality also files its fair share plan and housing element with [COAH] prior to the institution of the litigation.

Under these provisions, a municipality that adopts a resolution of participation and fair share plan and housing element before *Mount Laurel* litigation is instituted may require exhaustion of COAH's administrative procedures before it can be compelled to defend the action.  *See Toll Bros., Inc. v. Township of West Windsor,* 173 *N.J.* 502, 544–45, 803 *A.*2d 53, 78–79 (2002); *Fair Share Hous. Ctr., Inc. v. Township of Cherry Hill,* 242 *N.J.Super.* 76, 81, 576 *A.*2d 24, 27 (App.Div.1990).

Howell complied with these requirements in early 1995 by filing a "second cycle" affordable housing plan with COAH and petition-ing for substantive certification.  Plaintiff does not dispute that it would have been barred from instituting *Mount Laurel* litigation against Howell while that petition was pending.

After COAH granted substantive certification to Howell's com-pliance plan in October 1998, plaintiff could have pursued *Mount Laurel* litigation against Howell.  The section of the FHA that governs such an action is *N.J.S.A.* 52:27D–317(a), which provides:

> In any exclusionary zoning case filed against a municipality which has a substantive certification ..., there shall be a presumption of validity attaching to the housing element and ordinances implementing the housing element.  To rebut

the presumption of validity, the complainant shall have the burden of proof to demonstrate by clear and convincing evidence that the housing element and ordinances implementing the housing element do not provide a realistic opportunity for the provision of the municipality's fair share of low and moderate income housing. . . .

*N.J.S.A.* 52:27D–317(a) imposes a heavy evidential burden upon a party that challenges a substantively certified compliance plan. The Supreme Court has observed that "[i]f [COAH] conscientiously performs its duties, including determining regional need and evaluating whether the proposed adjustments and ordinances provide the requisite fair share opportunity, a successful *Mount Laurel* lawsuit should be a rarity." *Hills Dev. Co. v. Township of Bernards,* 103 *N.J.* 1, 35, 510 *A.*2d 621, 639 (1986). Similarly, we have noted that "the grant of substantive certification effectively insulates a municipality from exclusionary zoning lawsuits for six years." [3] *In re Petition for Substantive Certification, Township of Southampton,* 338 *N.J.Super.* 103, 113, 768 *A.*2d 233, 239 (App.Div.), *certif. denied,* 169 *N.J.* 610, 782 *A.*2d 428 (2001).

Perhaps due to this heavy evidential burden, plaintiff initially elected not to institute *Mount Laurel* litigation against Howell in the Law Division but instead to appeal COAH's grant of substantive certification to this court. After oral argument, but before issuance of our opinion reversing COAH's substantive certification of Howell's compliance plan, plaintiff filed this litigation challenging that plan. Howell and COAH do not dispute that plaintiff would have been free to pursue its complaint if we had affirmed COAH's substantive certification of Howell's plan. *See Sartoga v. Borough of W. Paterson,* 346 *N.J.Super.* 569, 577, 788 *A.*2d 841, 845 (App.Div.), *certif. denied,* 172 *N.J.* 357, 798 *A.*2d 1270 (2002). The question is whether the exhaustion of administrative remedies requirements of the FHA are inapplicable because Howell's petition for substantive certification is now back

---

[3] As a result of a recent amendment to *N.J.S.A.* 52:27D–313, COAH's substantive certification of a compliance plan now provides a municipality with a ten-year period of repose. *L.* 2001, *c.* 435, § 5, effective Jan. 10, 2002.

before COAH on a remand from this court rather than on Howell's original petition.

We perceive nothing in the language of the FHA or its underlying policies that would support the conclusion that its exhaustion of administrative remedies requirements are inapplicable when a petition for substantive certification is remanded to COAH for reconsideration or revision. The FHA expresses a strong preference for resolving affordable housing disputes before COAH rather than in the courts. As the Court noted in *Hills, supra,* 103 *N.J.* at 49, 510 *A.*2d at 647, "[t]he legislative history of the [FHA] makes it clear that it had two primary purposes: first, to bring an administrative agency into the field of lower income housing to satisfy the *Mount Laurel* obligation; second, to get the courts out of that field." It is also clear that the FHA was designed to afford municipalities an opportunity to avoid exposure to *Mount Laurel* litigation by filing a compliance plan and petitioning for substantive certification before such litigation is initiated. *Id.* at 56–57, 510 *A.*2d at 650–51.

In *Sod Farm Assocs. v. Township of Springfield,* 366 *N.J.Super.* 116, 840 *A.*2d 885 (App.Div.2004), we concluded that even though a municipality's initial compliance plan was deficient and the municipality had submitted a series of amended plans to correct those deficiencies and to revise the plan in various other respects, the legislative policy to assign primary responsibility for enforcement of affordable housing obligations to COAH mandated continuation of COAH's jurisdiction over the municipality's petition. In reaching this conclusion, we stated:

> Clearly, the nature of COAH's legislatively mandated jurisdiction, the discretion and expertise involved, and the statements of legislative intent make waiver [of the exhaustion of administrative remedies rule] inappropriate where [COAH] is working with the municipality and reviewing its submission.
> [*Id.* at 125, 840 *A.*2d at 891.]

We also noted that "[a]ssumption by the courts of [COAH's] functions fosters the potential for mischief and the prospect of conflicting and contradictory results in the court system and in the administrative proceedings." *Id.* at 130, 840 *A.*2d at 894.

The only distinction between *Sod Farm* and this case is that in *Sod Farm* the petitioning municipality and COAH determined that the compliance plan should be reconsidered or revised, while in the present case this court directed COAH to reconsider Howell's compliance plan. We perceive no reason why an issue of allocation of jurisdiction between COAH and the Law Division or exhaustion of administrative remedies should be viewed differently in this case than in *Sod Farm* solely because COAH's reconsideration of Howell's compliance plan (and the resulting revisions in Howell's plan) is at the direction of this court rather than on the initiative of COAH or Howell. In our view, the legislative policies to assign primary responsibility for enforcement of municipal affordable housing obligations to COAH and to avoid the potential for conflicting decisions by COAH and the Law Division are equally applicable in both situations.

We reject plaintiff's argument that it should be allowed to pursue *Mount Laurel* litigation against Howell because its complaint was filed on February 13, 2001, five weeks before we remanded Howell's petition for substantive certification to COAH. *N.J.S.A.* 52:27D–317(a) only allows *Mount Laurel* litigation to be maintained "against a municipality which has substantive certification[.]" As a result of this court's reversal and remand to COAH, Howell no longer has a substantively certified compliance plan. Therefore, even though plaintiff's action was maintainable as of the date it was filed, our remand to COAH reinstated the exhaustion of administrative remedies requirements of *N.J.S.A.* 52:27D–309(b) and *N.J.S.A.* 52:27D–316(b).

We also reject plaintiff's argument that this action is now maintainable under *N.J.S.A.* 52:27D–319, because COAH failed to complete its administrative process within six months of either the filing of plaintiff's complaint or the remand to COAH of the petition for substantive certification. *N.J.S.A.* 52:27D–319 states in pertinent part:

If [COAH] has not completed its review and mediation process for a municipality *within six months of receipt of a request by a party who has instituted litigation,*

the party may file a motion with a court of competent jurisdiction to be relieved of the duty to exhaust administrative remedies.

(Emphasis added.)

This section must be read together with *N.J.S.A.* 52:27D–316(b), which states:

> Any person who institutes [Mount Laurel] litigation ... after the effective date of this act ... *shall file a notice to request review and mediation with [COAH].* ... In the event that the municipality adopts a resolution of participation within the period established in subsection a. of section 9 of this act, the person shall exhaust the review and mediation process before being entitled to a trial on his complaint.

(Emphasis added.)

Read together, these two provisions seem to indicate that *N.J.S.A.* 52:27D–319 only applies if COAH's review and mediation process was initiated by a litigant who "request[s] review and mediation." *See Sod Farm, supra,* 366 *N.J.Super.* at 129, 840 *A.*2d at 893–94; *see also Fair Share Hous. Ctr., supra,* 242 *N.J.Super.* at 81–82, 576 *A.*2d at 27–28. This interpretation of the FHA is supported by practical considerations. If *N.J.S.A.* 52:27D–319 were interpreted to allow a court to relieve a party of the exhaustion requirements of *N.J.S.A.* 52:27D–309(b) and *N.J.S.A.* 52:27D–316(b) if COAH failed to complete its proceedings within six months, regardless of whether that party or the municipality initiated the proceedings, this would encourage any party who desires a prompt decision by COAH to file a complaint in the Law Division solely for the purpose of pressuring COAH to complete review and mediation within six months. Such an interpretation of *N.J.S.A.* 52:27D–319 would be inconsistent with the intent of the FHA to significantly reduce the role of the courts in enforcing affordable housing obligations. *See Hills, supra,* 103 *N.J.* at 49, 510 *A.*2d at 647.

■ Finally, we reject plaintiff's argument that we should reverse the order dismissing its complaint because COAH has failed to proceed with due diligence in completing the proceedings on remand from this court. This argument is based to a substantial extent on events that occurred after the dismissal of plaintiff's complaint and relies upon documents that were not part of the

trial court record. Moreover, a claim that COAH has unreasonably delayed completion of its proceedings ordinarily should be brought in this court rather than in the Law Division.[4] *See Sod Farm, supra,* 366 *N.J.Super.* at 131–34, 840 *A.2d* at 895–97.

Therefore, the trial court correctly concluded that because Howell had filed its housing element, fair share plan and petition for substantive certification with COAH before plaintiff filed this *Mount Laurel* action, plaintiff must exhaust the administrative remedies provided under the FHA.

Affirmed.

---

[4] In fact, Elon has filed three other appeals, which are currently pending before this court, that challenge COAH's alleged unreasonable delay in completing the remand from this court. The opinion in those appeals will be filed shortly.