47 A.3d 54

WAYNE PROPERTY HOLDINGS, L.L.C., PLAINTIFF–APPELLANT, v. TOWNSHIP OF WAYNE, TOWNSHIP OF WAYNE PLANNING BOARD AND THE NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, A PUBLIC ENTITY OF THE STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

ARC EQUITIES, INC., PLAINTIFF–APPELLANT, v. TOWNSHIP OF WAYNE, MAYOR AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF WAYNE, PLANNING BOARD OF THE TOWNSHIP OF WAYNE AND THE NEW JERSEY COUNCIL ON AFFORDABLE HOUSING, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 5, 2012—Decided July 19, 2012.

Before Judges YANNOTTI, ESPINOSA and KENNEDY.

*David R. Oberlander* argued the cause for appellant Wayne Property Holdings, L.L.C. (*Bisgaier Hoff, L.L.C.*, attorneys; *Mr. Oberlander*, on the brief).

*Robert Axel Kasuba* argued the cause for appellant ARC Equities, Inc. (*Bisgaier Hoff, L.L.C.*, attorneys; *Mr. Kasuba*, on the brief).

*John Fiorello* argued the cause for respondents Township of Wayne, and Mayor and Township Council of the Township of Wayne (*Fiorello, Puccio & Fiorello, L.L.C.*, attorneys; *Mr. Fiorello*, on the brief).

*Matthew J. Cavaliere* argued the cause for respondent Township of Wayne Planning Board (*Cavaliere & Cavaliere, P.A.*, attorneys; *Mr. Cavaliere*, on the brief).

*George N. Cohen*, Deputy Attorney General, argued the cause for respondent New Jersey Council on Affordable Housing (*Jeffrey S. Chiesa*, Attorney General, attorney; *Lewis A. Scheindlin*, Assistant Attorney General, of counsel; *Mr. Cohen*, on the brief).

The opinion of the court was delivered by

YANNOTTI, J.A.D.

Plaintiffs Wayne Properties Holdings, Inc. (WPH) and ARC Equities, Inc. (ARC) appeal from an order entered by the trial court on October 14, 2010, which dismissed their exclusionary zoning lawsuits against the Township of Wayne (Township) without prejudice and required WPH and ARC to exhaust their administrative remedies before the Council on Affordable Housing (COAH or the Council).[1] WPH and ARC also appeal from the trial court's order of February 14, 2011, which denied their motions for reconsideration. We affirm.

I.

The Fair Housing Act (FHA), *N.J.S.A.* 52:27D–301 to –329.19, was enacted in 1985 in response to the Supreme Court's *Mount Laurel* decisions, which require each municipality to create a realistic opportunity for the construction of its fair share of the regional need for low and moderate income housing. *See S. Burlington Cnty. N.A.A.C.P. v. Twp. of Mount Laurel*, 67 *N.J.* 151, 174–75, 336 *A.*2d 713 (1975) (*Mount Laurel I*); *S. Burlington Cnty. N.A.A.C.P. v. Twp. of Mount Laurel*, 92 *N.J.* 158, 208–09, 456 *A.*2d 390 (1983) (*Mount Laurel II*). The FHA created COAH and required that it determine the State's housing regions, "esti-

---

[1] We note that ISP Management Company, Inc. (ISP) filed the complaint in the trial court and filed the notice of appeal in this matter. On August 22, 2011, ISP filed a motion in this court to substitute WPH for ISP and to amend the caption of this case because WPH had acquired the property as part of its acquisition of ISP's parent company. We entered an order dated September 12, 2011, granting the motion. However, since ISP was the plaintiff throughout the trial court proceedings, we refer to ISP in this opinion.

mate the present and prospective need for low and moderate income housing[,]" and establish criteria and guidelines so that municipalities could determine their fair share of their region's need for affordable housing. *N.J.S.A.* 52:27D–307.

The FHA allows a municipality to submit its housing element and fair share plan to COAH, "based on the [C]ouncil's criteria and guidelines[.]" *N.J.S.A.* 52:27D–309. A municipality may thereafter petition the Council for substantive certification of the housing element and fair share plan. *N.J.S.A.* 52:27D–313(a). The Council is required to issue substantive certification if the municipality's compliance plan is: consistent with COAH's rules and criteria; "not inconsistent with [the] achievement of ... low and moderate income housing needs" as prescribed by COAH's criteria and guidelines; and "make[s] the achievement of the municipality's fair share of low and moderate income housing realistically possible...." *N.J.S.A.* 52:27D–314(a) and (b).

In 1986, COAH adopted its rules, which prescribed the municipalities' affordable housing obligations for the period from 1987 to 1993, the so-called "first round" of the administrative process. 18 *N.J.R.* 1267(a) (June 16, 1986) (codified at *N.J.A.C.* 5:91); 18 *N.J.R.* 1527(a) (Aug. 4, 1986) (codified at *N.J.A.C.* 5:92). Under the Council's criteria and guidelines, the Township's pre-credited need for the first round was 1544 units.[2] The Township did not petition COAH for substantive certification and several *Mount Laurel* lawsuits were filed against it in the Law Division, which resulted in a judgment dated September 10, 1993. The judgment declared that the Township's fair share obligation was 1000 units, subject to a potential vacant land adjustment that would reduce the obligation to 932 units.

---

[2] According to COAH's regulations, a municipality's pre-credited need is its obligation for low and moderate income housing, as determined after subtracting certain units from "indigenous need, reallocated present need, prior cycle prospective [need], prospective need and demolitions." *N.J.A.C.* 5:93–1.3.

In 1994, COAH adopted rules that established the municipalities' affordable housing obligations for the period from 1987 to 1999, the so-called "second round" of the process. 26 *N.J.R.* 2300 (June 6, 1994) (codified at *N.J.A.C.* 5:93 and codified as amended at *N.J.A.C.* 5:91–1.3 and 1.4, 5:92–1.1 and 1.3). Under COAH's criteria and guidelines, the Township's pre-credited need for the second round was 1217 units. On March 14, 1996, the Township petitioned COAH for substantive certification of its compliance plan for the second round.

On July 10, 1996, COAH adopted a resolution granting the Township's petition. After applying various credits and reductions, COAH determined that the Township's fair share obligation was fifty-nine units, consisting of twenty-two rehabilitated units and thirty-seven newly-constructed units. The Township's substantive certification was effective for six years from the date of the Council's resolution.

On November 3, 2004, ISP filed a complaint in the trial court, in which it alleged that it was the owner of approximately ninety-nine acres of land in the Township, which previously had been developed with eleven buildings. ISP alleged that, in granting substantive certification to the Township, COAH had properly recognized that the Township's pre-credited need was 1217 units, consisting of fifty nine rehabilitated units and 1158 newly-constructed units. ISP also noted that the Council had granted the Township a vacant land adjustment, which reduced the Township's "new construction obligation by 265 units to 893 units, resulting in a total adjusted housing need of 952 units. . . ."

ISP alleged that the COAH-approved compliance plan yielded "an apparent 'surplus' of 163 units and credits, but only if compared with [the] adjusted housing need of 952 units." According to ISP, if "properly compared with [the Township's] full housing need of 1217 units, the 'surplus' disappear[ed] and the correct result [wa]s a deficit of 102 units [.]"

ISP claimed that the vacant-land adjustment did "not eliminate the adjusted units from a municipality's fair share[.]" Instead, the

adjustment deferred but did not eliminate "the municipality's obligation to provide in the future, when possible, a realistic opportunity for the satisfaction of such adjusted portion of the fair share housing obligation."

ISP "proposed to develop [its] [p]roperty with . . . 400 units of multi-family housing, with twenty percent . . . of [those] . . . units to be set aside for low and moderate income housing, in accordance with COAH regulations." According to ISP, the Township had refused to rezone the property to permit it to construct this housing development. ISP sought a builder's remedy pursuant to *Mount Laurel II*, the FHA and COAH's regulations.

In addition to its *Mount Laurel* claims, ISP alleged that the Township's ordinance violated the Municipal Land Use Law (MLUL), *N.J.S.A.* 40:55D–1 to –99. ISP claimed that the ordinance violated the MLUL because it was not drawn with "reasonable consideration to the character of each district and its peculiar suitability for particular uses, and to encourage the most appropriate use of land[ ]" as required by *N.J.S.A.* 40:55D–62(a).

On December 2, 2004, the Township filed a motion with COAH to extend the effective date of its substantive certification for the second round. ISP opposed the motion. Later that month, COAH adopted its rules for the third round of the process, which established the municipalities' cumulative obligations for low and moderate income housing and the criteria for meeting those obligations for the period from 1987 to 2014. 36 *N.J.R.* 5748(a) (Dec. 20, 2004) (codified at *N.J.A.C.* 5:94); 36 *N.J.R.* 5895(a) (Dec. 20, 2004) (codified at *N.J.A.C.* 5:95).

In April 2005, the trial court issued a case management order in ISP's lawsuit establishing deadlines for discovery. The court later extended those deadlines. In March 2006, the court suspended discovery in the case until June 30, 2006, and ordered the parties to participate in COAH's mediation process.

On May 11, 2005, COAH adopted a resolution extending the Township's second-round substantive certification until December

20, 2005, or until the Township filed a petition for substantive certification for the third round. On December 16, 2005, the Township filed its petition. ISP objected to the petition.

We later invalidated a number of the third-round rules and directed COAH to amend the rules "to conform to the constitutional and statutory mandate." *In re Adoption of N.J.A.C. 5:94 and 5:95*, 390 *N.J.Super.* 1, 88, 914 *A.2d* 348 (App.Div.2007). We ordered COAH to complete the rule-making process within six months. *Ibid.* We also stated that applications seeking

> substantive certification must be stayed pending the amendment process. We do not disturb substantive certification approvals granted prior to issuance of this opinion. We also stay the filing of any builder's remedy actions for any municipality whose application for substantive certification is affected by this opinion. A stay furthers the policy of the FHA to resolve affordable housing disputes through COAH rather than in the courts. Municipalities that have acted in good faith in devising their fair share plans to comply with the existing third round rules should not be subjected to an exclusionary zoning law suit.
> [*Ibid.*]

On March 26, 2008, ARC filed its complaint. ARC alleged that it was the contract purchaser of about twenty-five acres of land in the Township. ARC claimed that, notwithstanding COAH's grant of substantive certification, the Township had "at least" 102 units of unmet need and its zoning ordinance "failed to create a realistic opportunity for the development of those units."

ARC said that it was willing to develop its property with 500 units, of which twenty percent would "be set aside for low and moderate income housing, in accordance with ... COAH regulations." ARC claimed that the Township had refused to rezone the property to permit the project, "[n]otwithstanding its constitutional obligation to provide a reasonable opportunity for [the] development of its entire fair share affordable housing need[.]" Among other relief, ARC sought a builder's remedy.

COAH thereafter adopted new third-round regulations. 40 *N.J.R.* 3161(a) (June 2, 2008) (codified at *N.J.A.C.* 5:96, and codified as amended at *N.J.A.C.* 5:95–1.1); 40 *N.J.R.* 2690(a) (June 2, 2008) (codified at *N.J.A.C.* 5:97, and codified as amended at *N.J.A.C.* 5:94–1.2). On December 30, 2008, the Township filed a

petition for substantive certification under the new rules. ISP and ARC objected to the petition.

On July 20, 2009, the trial court entered an order consolidating the ISP and ARC lawsuits for case management purposes. The order required the parties to participate in COAH's mediation process, which was unsuccessful.

In May 2010, the Township filed a motion seeking dismissal of the ISP and ARC complaints without prejudice. In June 2010, COAH also filed a motion to dismiss the complaints without prejudice. The Township and COAH argued that ISP and ARC were required to exhaust administrative remedies on the third-round petition before proceeding with their complaints. ISP and ARC opposed the motions.

The trial court considered the motions on September 24, 2010. The court issued an order dated October 14, 2010, dismissing the complaints without prejudice to their re-filing after COAH had completed its administrative review of the Township's third-round petition.

ISP and ARC thereafter filed motions for reconsideration. The Township and COAH opposed the motions. The court considered the motions on January 31, 2011, and entered an order dated February 14, 2011, denying the motion. By consent of the parties, the court also dismissed the fourth count of ISP's complaint, in which ISP alleged that the Township's zoning ordinance violated the MLUL.

ISP and ARC appealed. On May 24, 2011, we entered an order consolidating the appeals. As we noted previously, on September 12, 2011, we granted ISP's motion to substitute WPH as the appellant and to change the caption to reflect the substitution of parties.

## II.

ISP and ARC argue that the trial court erred by dismissing their complaints. ISP and ARC maintain that the trial court

had jurisdiction in these matters and erroneously required them to exhaust their administrative remedies before COAH. We disagree.

As we have explained, the Township petitioned COAH for substantive certification of its housing element and fair share plan for the third round of the COAH process. Because the Township has invoked the Council's jurisdiction by filing its housing element and fair share plan and seeking substantive certification, those challenging the Township's ordinance on *Mount Laurel* grounds must first exhaust their administrative remedies before the trial court proceedings can go forward. *N.J.S.A.* 52:27D–316.

Here, COAH had issued substantive certification of the Township's housing element and fair share plan and the Township adopted the ordinances implementing COAH's decision. COAH determined that the Township's ordinances were consistent with the criteria and guidelines for the second round of its process and provided a realistic opportunity for the implementation of the municipality's fair share of low and moderate income housing. *N.J.S.A.* 52:27D–314(a) and (b).

Thereafter, ISP and ARC filed these lawsuits challenging the Township's ordinances. ISP and ARC alleged that, contrary to COAH's second-round determination, the Township had not met its obligation for low and moderate income housing. We are convinced that the trial court correctly determined that ISP and ARC must exhaust their administrative remedies in the third-round of COAH's process before the court will entertain their complaints.

We recognize that COAH's grant of substantive certification for the second round of its process does not insulate a municipality's ordinance from challenge on *Mount Laurel* grounds. *N.J.S.A.* 52:27D–317. Rather, the FHA provides that upon the grant of substantive certification, a municipality's implementing ordinance is entitled to a presumption of validity, and a party challenging the ordinance under *Mount Laurel* must rebut that presumption by clear and convincing evidence. *N.J.S.A.* 52:27D–317(a). The FHA thus "imposes a heavy evidential burden upon a party that

challenges a substantively certified compliance plan." *Elon Associates. v. Twp. of Howell,* 370 *N.J.Super.* 475, 482, 851 *A.2d* 714 (App.Div.2004).

While the FHA recognizes that a party may challenge the Township's substantively certified housing plan on *Mount Laurel* grounds, it does not preclude a trial court from ordering exhaustion of administrative remedies where, as here, the Township is pursuing a petition for substantive certification in the next round of the COAH process. Exhaustion of administrative remedies in this context is consistent with several important purposes of the FHA, which are to bring an administrative agency into the process of enforcing municipalities' *Mount Laurel* obligations and "to get the courts out of that field." *Hills Dev. Co. v. Bernards Twp.,* 103 *N.J.* 1, 49, 510 *A.2d* 621 (1986).

Furthermore, the Council's third-round rules govern the municipality's cumulative obligation for low and moderate income housing for 1987 to 2014, and ISP's and ARC's objections to the Township's third-round petition involve many of the issues that they seek to litigate in these lawsuits. We are therefore convinced that the trial court did not err by requiring ISP and ARC to exhaust their administrative remedies before being heard on their complaints.

Our decision in *Elon Associates* supports this conclusion. In that case, COAH granted the municipality's petition for substantive certification. *Elon Assocs., supra,* 370 *N.J.Super.* at 479, 851 *A.2d* 714. The plaintiff appealed from COAH's action and, while the appeal was pending, filed a *Mount Laurel* lawsuit in the trial court, seeking a determination that the municipality's compliance plan and implementing ordinance did not satisfy the municipality's fair share obligation, and an award of a builder's remedy, requiring inclusion of the plaintiff's property in the municipality's plan. *Id.* at 479–80, 851 *A.2d* 714.

We thereafter reversed COAH's grant of substantive certification and remanded the matter to the agency. *Id.* at 480, 851 *A.2d* 714. We concluded that, although the plaintiff could have pro-

ceeded with its lawsuit if the grant of substantive certification had been affirmed, the substantive certification had been reversed and consequently, the plaintiff must exhaust its administrative remedies before its *Mount Laurel* lawsuit could proceed. *Id.* at 482–83, 851 *A.*2d 714. We observed that "[t]he FHA expresses a strong preference for resolving affordable housing disputes before COAH rather than in the courts." *Ibid.* That same principle applies here.

We are satisfied that the trial court correctly determined that ISP and ARC must exhaust their administrative remedies in the third round of the COAH process before being heard on their complaints. As we said in *Sod Farm Associates v. Township of Springfield,* 366 *N.J.Super.* 116, 840 *A.*2d 885 (App.Div.2004), in view of the nature of COAH's jurisdiction under the FHA, and the agency's expertise in this field, it would be inappropriate not to require exhaustion of administrative remedies when COAH is working with a municipality and is reviewing its compliance plan. *Id.* at 125, 840 *A.*2d 885.

### III.

ISP nevertheless argues that the trial court's order was erroneous because it has a right under Article VI, § 5, ¶ 4 of the New Jersey Constitution to bring an action in lieu of prerogative writs challenging the Township's ordinances and therefore, the trial court did not have the authority to require ISP to exhaust their administrative remedies. We do not agree.

■ Requiring a litigant pursuing a *Mount Laurel* action to exhaust administrative remedies does not "interfere[ ] impermissibly with th[e] right to judicial review." *Hills Dev. Co., supra,* 103 *N.J.* at 45, 510 *A.*2d 621. In this regard, we note that here the trial court dismissed the complaints without prejudice, thereby allowing ISP and ARC to pursue their claims after COAH has acted on the Township's third-round petition.

■ ISP further argues that the Township should not have been permitted to file motions to extend the second-round certification

and seek third-round substantive certification because ISP had already filed its complaint in this matter, which conferred jurisdiction on the trial court. ISP and ARC contend that permitting the Township to pursue the matter before COAH "deter[s] builders from undertaking the expensive process of filing a builder's remedy suit." We disagree. The trial court had jurisdiction over ISP's lawsuit when it filed its complaint but that did not preclude the court from requiring ISP to exhaust its administrative remedies before allowing its lawsuit to proceed.

ISP additionally argues that the trial court's order is extremely prejudicial because it will lose its "presumptive right to a builder's remedy." Again, we disagree. Here, the trial court merely postponed consideration of ISP's and ARC's claims. It did not preclude plaintiffs from seeking or obtaining a builder's remedy if the case goes forward after COAH's administrative review.

Furthermore, the potential loss of the builder's remedy is not a basis for waiver of the obligation to exhaust administrative remedies. When the FHA was enacted, it allowed any party in a *Mount Laurel* action to seek transfer of the case to COAH, except when the transfer would cause a "manifest injustice to any party to the litigation." *N.J.S.A.* 52:27D–316(a).

The Supreme Court held that the loss of a builder's remedy resulting from such a transfer was not a "manifest injustice." *Hills Dev. Co., supra,* 103 *N.J.* at 54, 510 *A.*2d 621. The Court said that the loss of the remedy, with its attendant profits, was "a risk to which builders are regularly exposed in a variety of circumstances." *Ibid.* For these reasons, we conclude that ISP and ARC are not prejudiced by having to exhaust their remedies before COAH.

ISP also maintains that the trial court erroneously assumed that the issues raised in its complaint could be resolved more expeditiously and efficiently by COAH. ISP notes that in October 2010, we invalidated the growth share provisions of COAH's third-round regulations and required COAH to adopt new regulations. *In re*

*Adoption of N.J.A.C. 5:96 and 5:97,* 416 *N.J.Super.* 462, 471, 483, 6 *A.*3d 445 (App.Div.2010). The Supreme Court granted certification in that case, *In re Adoption of N.J.A.C. 5:96 and 5:97,* 205 *N.J.* 317, 15 *A.*3d 325 (2011), and the matter is presently pending in that Court.

We are satisfied, however, that the trial court correctly required ISP and ARC to exhaust administrative remedies before COAH, notwithstanding the delay in resolving the dispute over COAH's third-round rules. As we stated previously, the FHA establishes "a strong preference" for resolving *Mount Laurel* disputes in an administrative forum rather than through litigation in the courts. *Elon Associates, supra,* 370 *N.J.Super.* at 482–83, 851 *A.*2d 714. Achievement of that policy remains a significant goal, despite the ongoing litigation regarding COAH's third-round rules.

We have considered the other arguments raised by ISP and ARC and conclude that they are without sufficient merit to warrant discussion in this opinion. *R.* 2:11–3(e)(1)(E).

Affirmed.