**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4019-17T2

800 SYLVAN AVENUE, LLC,
a limited liability company
organized under the laws
of the State of Delaware,

     Plaintiff-Appellant,

v.

BOROUGH OF ENGLEWOOD
CLIFFS, MAYOR AND BOROUGH
COUNCIL OF THE BOROUGH OF
ENGLEWOOD CLIFFS, and THE
PLANNING BOARD OF THE
BOROUGH OF ENGLEWOOD
CLIFFS,

     Defendants-Respondents.

_____

Submitted January 22, 2020 – Decided February 19, 2020

Before Judges Yannotti, Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0069-18.

Hill Wallack LLP and Beattie Padovano, LLC, attorneys for appellant (Thomas F. Carroll, III, Antimo A. Del Vecchio and Mana Ameri, on the briefs).

Jeffrey R. Surenian and Associates, LLC, attorneys for respondents (Jeffrey R. Surenian, of counsel and on the briefs; Michael A. Jedziniak and Nancy L. Holm, on the briefs).

PER CURIAM

Plaintiff appeals from an order entered by the trial court on April 13, 2018, which dismissed its exclusionary zoning lawsuit seeking a builder's remedy. Plaintiff also appeals from an order entered by the court on May 2, 2018, which denied its motion for reconsideration of orders entered in a separate action, extending the Borough of Englewood Cliffs's immunity from exclusionary zoning lawsuits, including plaintiff's lawsuit. For the reasons that follow, we dismiss the appeal.

In 1975, our Supreme Court held that each developing municipality in this State "must, by its land use regulations, presumptively make realistically possible an appropriate variety and choice of housing[,]" including housing for persons of low and moderate income. S. Burlington Cty. NAACP v. Twp. of Mount Laurel, 67 N.J. 151, 174 (Mount Laurel I) (1975). The Court thereafter held that each municipality must provide "a realistic opportunity for the construction of [its] fair share of the present and prospective regional need for

low and moderate income housing." S. Burlington Cty. NAACP v. Twp. of Mount Laurel, 92 N.J. 158, 205 (1983) (Mount Laurel II) (citing Mount Laurel I, 67 N.J at 174).

Because the Legislature did not act in response to Mount Laurel I, the Court in Mount Laurel II fashioned a judicial remedy. Id. at 289-91. The Court created a special litigation track for exclusionary zoning lawsuits and permitted the trial courts to grant a "builder's remedy" allowing the construction of housing at higher densities than a municipality might otherwise allow. Id. at 279-91. Thereafter, the Legislature enacted the Fair Housing Act (FHA), N.J.S.A. 52:27D-301 to -329.

The FHA established the Council on Affordable Housing (COAH) and conferred primary responsibility on that agency for determining and assigning affordable housing obligations to municipalities. N.J.S.A. 52:27D-307. The FHA required COAH to adopt regulations that establish the statewide need for affordable housing, and to assign each municipality its obligation for the region's need for such housing. N.J.S.A. 52:27D-307, -308.

Among other things, the FHA gave COAH the responsibility for "determining State housing regions, estimating the State and regional present and prospective need for low and moderate income housing, and adopting

criteria and guidelines for a municipal determination of its present and prospective fair share of [the region's] housing need." Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 544 (2002) (internal citations and quotations omitted) (citing N.J.S.A. 52:27D-307(a) to (c)). The FHA also created a process whereby municipalities could petition COAH for "substantive certification," which represents a finding that the municipality has satisfied its obligation for a fair share of the region's need for lower and moderate income housing. N.J.S.A. 52:27D-313(a).

The FHA permitted a municipality to seek substantive certification, "after consenting to COAH's jurisdiction[,] by submitting a resolution of participation, a housing element, and a proposed fair share housing ordinance implementing the housing element." Toll Bros., 173 N.J. at 545 (citing N.J.S.A. 52:27D-309). If COAH granted substantive certification, the municipality would be immune from exclusionary zoning litigation for a ten-year period. Ibid.[1]

COAH adopted three separate rounds of procedural and substantive rules setting forth the manner in which a municipality's affordable housing obligation shall be determined and satisfied. COAH's first round rules covered 1987 to

---

[1] As originally enacted, the period of immunity was six years. L. 1985, c. 222, § 13. This period was later extended to ten years. L. 2001, c. 435, § 5.

A-4019-17T2

1996.  18 N.J.R. 1267-71, 1527-60 (Aug. 4, 1986); 23 N.J.R. 688 (Mar. 4, 1991). The Borough did not participate in the first round of COAH's process.

COAH's second round rules covered the period from June 1994 to May 2004.  26 N.J.R. 2300-412 (June 6, 1994); 31 N.J.R. 1479-82 (June 7, 1999). The Borough petitioned COAH for substantive certification based on its housing element and fair share plan (HEFSP) for the second round.  COAH denied the petition.

In October 2003, COAH proposed a third round of procedural and substantive rules.  35 N.J.R. 4636-710 (Oct. 6, 2003).  These rules were intended to cover an eleven-year period, through 2014.  Ibid.  However, COAH did not adopt the proposed rules.  COAH thereafter proposed another set of third round rules.  36 N.J.R. 3691-874 (Aug. 16, 2004).  COAH later adopted rules for the third round.  36 N.J.R. 5748-911 (Dec. 20, 2004).

In January 2006, the Borough petitioned COAH for substantive certification and sought a vacant land adjustment (VLA).[2]  Several entities

---

[2]  "COAH's regulations recognize that some towns may not have enough currently developable land to meet their fair share requirements, although they may have vacant land that is capable of future development for that purpose." In re Fair Lawn Borough, Bergen Cty., Motion of Landmark at Radburn, 406 N.J. Super. 433, 441 (App. Div. 2009).  Therefore, "[a] municipality may receive a [VLA], conditioned on adopting zoning geared at allowing the eventual

challenged COAH's third round rules.  See In re Adoption of N.J.A.C. 5:94 & 5:95, 390 N.J. Super. 1, 11-12 (App. Div. 2007).  We affirmed in part, reversed in part, and ordered COAH to amend the rules to conform with its obligations under the applicable statutes and the State's Constitution.  Id. at 86-88.

On June 2, 2008, COAH adopted another set of third round rules.  40 N.J.R. 237-528 (Jan. 22, 2008).  We affirmed in part, reversed in part, and remanded the matter to COAH "to adopt new third round rules that use[d] a methodology for determining prospective need similar to the methodologies used in the first and second rounds."  In re Adoption of N.J.A.C. 5:96 & 5:97, 416 N.J. Super. 462, 511 (App. Div. 2010).  The Supreme Court affirmed our judgment.  In re Adoption of N.J.A.C. 5:96 & 5:97, 215 N.J. 578, 586 (2013).

COAH did not, however, adopt new third round rules.  In re Adoption of N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 10 (2015) (Mount Laurel IV).  Fair Share Housing Center then filed a motion in aid of litigants' rights pursuant to Rule 1:10-3.  Id. at 5.  Because COAH had not adopted the third round rules, and because COAH indicated it did not intend to do so, the Court found there was

---

development of affordable housing on those properties.  Id. at 442 (citing N.J.A.C. 5:93-4.1 to -4.2).

A-4019-17T2

no longer any legitimate reason to block access to the courts. Ibid. The Court established an orderly process for further judicial proceedings. Id. at 5-6.

Among other things, the Court held that a municipality which was participating in the COAH process could file a declaratory judgment action within a specified time frame to obtain court approval of its affordable housing plan. Id. at 27. The municipality would be required to submit its HEFSP within five months, and during that period, the trial court could provide the municipality with immunity from exclusionary zoning litigation. Id. at 27-28. However, "[i]f a town elect[ed] to wait until its affordable housing plan [wa]s challenged for constitutional compliance, immunity requests covering any period of time during the court's review [would] be assessed on an individualized basis." Id. at 28.

The Court stated that "the court's individualized assessment should evaluate the extent of the obligation and the steps, if any, [the municipality has] taken toward compliance with that obligation." Ibid. The Court added that, "[i]mmunity, once granted, should not continue for an undefined period of time; rather, the trial court's orders in furtherance of establishing . . . compliance should include a brief, finite period of continued immunity, allowing a

reasonable time as determined by the court for the municipality to achieve compliance."  Ibid.

On July 1, 2015, the Borough filed a timely declaratory judgment action in the Law Division, which was docketed as BER-L-6119-15 (the DJ action). On December 22, 2015, the trial court granted the Borough's initial application for immunity from exclusionary zoning suits.  The court's order stated, however, that "good faith compliance would be a factor in further extensions of immunity."

Thereafter, the court entered orders extending the Borough's immunity through December 31, 2017.  However, the Borough allowed its immunity to lapse between January 31, 2017, and September 29, 2017.

In January 2017, the Supreme Court held that municipalities are constitutionally required to address the need for affordable housing that arose during the period when COAH failed to promulgate viable rules for such housing.  In re Declaratory Judgment Actions Filed by Various Municipalities, Cty. of Ocean, 227 N.J. 508, 529-30 (2017).  On November 1, 2017, the trial court ordered the Borough to update its affordable housing plan and VLA, by November 30, 2017.

On November 29, 2017, plaintiff filed a motion to intervene in the DJ action. On December 28, 2017, the Borough opposed plaintiff's motion and filed a cross-motion to extend its immunity beyond its December 31, 2017 expiration date.

On January 3, 2018, plaintiff filed this exclusionary zoning lawsuit seeking a builder's remedy. On January 5, 2018, the trial court entered an order in the DJ action, which granted the Borough's cross-motion to extend its immunity through January 31, 2018, but expressly excluded plaintiff's builder's remedy complaint. On January 10, 2018, the court granted plaintiff's motion to intervene. In addition, after further briefing and oral argument, the court entered an order in the DJ action, dated February 13, 2018, extending the Borough's immunity through April 30, 2018, and applying the immunity to plaintiff's complaint in this case.

On February 28, 2018, the Borough filed a motion to dismiss plaintiff's complaint. Plaintiff opposed the motion and filed a cross-motion for reconsideration of the order entered in the DJ action on February 13, 2018. The court filed an order dated April 13, 2018, granting the Borough's motion to dismiss plaintiff's complaint, and an order dated May 2, 2018, denying plaintiff's cross-motion. This appeal followed.

A-4019-17T2

On appeal, plaintiff argues that the trial court erred by: (1) dismissing its exclusionary zoning lawsuit on the basis of the retroactive grant of immunity to the Borough; (2) granting the relief the Borough requested in the DJ action, because it had an impact on this case; and (3) denying reconsideration of its retroactive imposition of immunity to plaintiff's exclusionary zoning lawsuit.

In response, the Borough argues: (1) this court lacks jurisdiction to review the February 13, 2018 order entered in the DJ action; and (2) the trial court did not err by dismissing plaintiff's lawsuit.

It appears that while this appeal was pending, proceedings in the DJ action continued. On August 27, 2019, the trial court entered orders in that action, which denied the Borough's motion to further extend its immunity from exclusionary zoning litigation and authorized plaintiff to file an exclusionary zoning lawsuit seeking a builder's remedy. Thereafter, plaintiff filed its complaint in the DJ action.

The Borough indicated in the sur-reply brief filed in this appeal that, as of December 24, 2019, a trial was ongoing in the DJ action. The trial court entered an order in that action dated January 17, 2020, which was accompanied by a lengthy written opinion, finding the Borough to be "constitutionally non-

compliant with Mount Laurel." In re Borough of Englewood Cliffs, No. L-6119-15 (Law Div. Jan. 17, 2020).

Among other things, the court determined that the Borough's realistic development potential (RDP) is 174 affordable units. The court required the Borough to revise its zoning ordinances in accordance with its opinion within ninety days. The court scheduled a hearing for April 16, 2020, at which a special master is expected to testify whether the revised ordinances conform with the court's opinion. The court also ordered the Borough to provide additional information regarding a proposed municipal housing project, which could include fifty-seven affordable units, and directed that the builder's remedy portion of trial will proceed beginning on January 22, 2020.

In view of the orders and opinion entered by the trial court in the DJ action, we must determine whether the issues raised on appeal are moot. We also must determine whether the appeal should be dismissed.

Ordinarily, a court will not decide issues "when a controversy no longer exists and the disputed issues have become moot." DeVesa v. Dorsey, 134 N.J. 420, 428 (1993); see also N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949). However, courts have, at times, decided an otherwise moot appeal "where the underlying issue is one of substantial importance, likely to reoccur but capable

A-4019-17T2

of evading review." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996); see also Mistrick v. Div. of Med. Assistance & Health Servs., 154 N.J. 158, 165 (1998).

As noted, in this appeal, plaintiff argues the trial court erred by granting the Borough immunity from exclusionary zoning lawsuits and extending that immunity to the complaint plaintiff filed in this action. As we have explained, however, the trial court has since refused to extend the Borough's immunity from exclusionary zoning lawsuits and authorized plaintiff to file a complaint in the DJ action. Thus, the issues raised by plaintiff on appeal are moot.

Furthermore, there is no reason for this court to decide the issues presented on appeal, notwithstanding their mootness. The issue of whether the trial court erred by extending the Borough's immunity and applying it to plaintiff's complaint in this action may have some importance to the parties and the public generally, but there is no compelling need for this court to address it now.

After the trial court entered the orders at issue and the notice of appeal was filed in this matter, the court refused to extend the Borough's immunity and conducted a trial to determine the Borough's RDP. The court also allowed plaintiff to file a complaint seeking a builder's remedy. The trial court has

scheduled further proceedings on the Borough's housing plan and plaintiff's complaint.

The issue of whether the court erred by terminating the Borough's immunity and allowing the complaint to be filed could be raised in an appeal from the final judgment entered in the DJ action. Therefore, while the issues plaintiff has raised in this appeal are capable of repetition, they are not issues "evading review." Zirger, 144 N.J. at 330.

Accordingly, the appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION